IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEON WILBURN JR., | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:06-CV-524-Y |
| | § | |
| THE STATE OF TEXAS, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of mandamus by a state prisoner pursuant to 28 U.S.C. § 1651.

**B.   PARTIES**

Petitioner Leon Wilburn Jr., TDCJ #1175812, is a state prisoner in custody of the Texas Department of Criminal Justice in Fort Stockton, Texas.

Respondent is the State of Texas. No service has issued on Respondent.

**C.  DISCUSSION**

Wilburn asserts that he was convicted of delivery of a controlled substance on June 4, 2003, in Cause No.082997A in the Criminal District Court Number Two of Tarrant County, Texas. (Petition at 3.) By this petition, Wilburn seeks an order compelling the trial court to provide a free

copy of the clerk's and reporter's records under rule 20.2 of the Texas Rules of Appellate Procedure in order to pursue state postconviction habeas relief. (*Id.* at 1, 6, 9-14.) TEX. R. APP. P. 20.2. This court has permitted petitioner to proceed *in forma pauperis*. His petition is thus subject to *sua sponte* dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Generally, under Texas law, an indigent defendant is not entitled to a free copy of the trial record for use in pursuing postconviction habeas corpus relief. *See In re Trevino*, 79 S.W.3d 794 (Tex. App.–Corpus Christi 2002, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576 (Tex. App.–Fort Worth 1995, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, no pet.) (order). Moreover, a federal court lacks "the general power" to issue a writ of mandamus directing state courts and their judicial officers in the performance of their duties and functions where, as here, mandamus is the only relief sought. *See Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). This court is, therefore, without authority to enter the requested order. *See Nabelek v. Cockrell*, 61 Fed. Appx. 120, *1 (5th Cir. 2003), *cert. denied*, 538 U.S. 1016 (2003). Consequently, this petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See id.*; *Castillo v. Texas*, No. 4:05-CV-218-Y, 2005 WL 1017998, at *1 (N.D. Tex. Apr. 28, 2005), *adopted*, 2005 WL 1262832 (N.D. Tex. May 27, 2005); *Mitchell v. Texas*, No. 3:05-CV-299-N, 2005 WL 415474, at *1-2 (N.D. Tex. Feb. 18, 2005), *adopted*, 2005 WL 637933 (N.D. Tex. Mar. 17, 2005); *Jon v. Hamlin*, No. 3:04-CV-824-K, 2004 WL 1373157, at *1-2 (N.D. Tex. June 17, 2004); *Cross v. Texas*, No. 3:02-CV-2146-G, 2002 WL 31528481, at * 1-2 (N.D. Tex. Nov. 8, 2002).

## II.  RECOMMENDATION

It is recommended that the petition for writ of mandamus be dismissed as frivolous.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 11, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 11, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

3

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 21, 2006.

                                                      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE